In the
# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2006

Charles R. Fulbruge III
Clerk

m 05-11363
Summary Calendar

BOI NA BRAZA ATLANTA LLC,

Plaintiff-Appellant,

VERSUS

EVELYN M. UPCHURCH,
DIRECTOR, TEXAS SERVICE CENTER;
MICHAEL CHERTOFF,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
m 3:04-CV-2007

Before SMITH, GARZA, and PRADO, Circuit
Judges.

PER CURIAM:[*]

Boi Na Braza Atlanta LLC appeals a judg-

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be pub-
lished and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

ment that Citizen and Immigration Services
("CIS") properly denied its petition on behalf
of twenty meat-specialists, employed at an af-
filiated restaurant in Brazil, for "L-1B" visas
for temporary transfer to its newly-opened At-
lanta franchise. A denial by the CIS of a visa
application may be overturned only if the
plaintiff demonstrates that the ruling was "arbi-
trary, capricious, an abuse of discretion, or
otherwise not in accordance with law." *Nat'l
Hand Tool Corp. v. Pasquarell*, 889 F.2d

1472, 1475 (5th Cir. 1989).

Agency action is arbitrary or capricious "only when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Wilson v. United States Dep't of Agric.*, 991 F.2d 1211, 1215 (5th Cir. 1993). The decision need only have a rational basis, and the reviewing court need not have come to the same conclusion. *Id.* The plaintiff bears the burden of proving eligibility. *Nat'l Hand Tool*, 889 F.2d at 1475.[1]

To establish eligibility for an "L-1B," or non-immigrant intra-company transferee visa, the transferee must serve his employer, or a subsidiary or affiliate thereof, in a capacity that is "managerial, executive, or involves specialized knowledge." 8 U.S.C. § 1101-(a)(15)(L). The issue before the CIS was whether the meat-specialists employed by plaintiff's parent company possess "specialized knowledge" as defined in the statute, and the applicable regulations, adjudicatory decisions, and memoranda of the agency.

We agree with the district court that we need not resolve the issue whether *Chevron* deference applies to agency decisions respecting L-1B visa applications, because even under the less deferential *Skidmore* standard, the agency's decision plainly passes muster. After an independent review of the briefs and the record, we agree that CIS did not abuse its discretion or act in an arbitrary or capricious manner by concluding that plaintiff had failed to show "specialized knowledge" on the part of its meat-specialist transferees. In particular, the agency could rationally have concluded that plaintiff did not provide the CIS with sufficient information about the beneficiaries' skills and abilities, nor did it demonstrate that the beneficiaries' knowledge of Brazilian cooking was sufficiently specialized to merit L-1B status.

For the above reasons, and for the reasons stated by the district court in its excellent opinion, we AFFIRM.

---

[1] *See also* 8 U.S.C. § 1361 ("Whenever any person makes application for a visa . . . the burden of proof shall be upon such person to establish that he is eligible to receive such visa").